IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN L. BROWN, | : | CIVIL ACTION NO. **3:CV-13-0873** |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, WARDEN, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

**I.      Background.**

On April 8, 2013, Petitioner, Brian Brown, currently an inmate in the SHU at the United States Penitentiary Canaan ("USP-Canaan"), Waymart, Pennsylvania, filed, *pro se*, a form Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241. (Doc. 1).  However, Petitioner states that his filing is actually a Petition for Writ of Mandamus,  pursuant to 28 U.S.C. §1651, seeking the Court to order an unnamed prison officer at USP-Canaan to stop causing him physical injury for filing administrative remedies against staff at the prison and, to order the prison to provide him with a flex-pen or pencil so he can file documents with the Court. Petitioner states that he recently arrived at USP-Canaan in February 2013, and that since his arrival, the same unnamed officer has physically assaulted him to prevent him from filing and exhausting his administrative remedies against prison staff.

Petitioner also filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 2).[1] Petitioner names as Respondent the Warden at USP-Canaan, David Ebbert.[2] Petitioner's Petition has not yet been served on Respondent.

Petitioner Brown's habeas petition has not yet been served on Respondent for a response. We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[3]

Petitioner states that he was assaulted twice by the same unnamed prison officer at USP-Canaan when he tried to file administrative remedies against prison staff, and that his hand was fractured, his finger dislocated and he was sexually assaulted along with a head injury. Petitioner also states that the officer threatened to attack his family if he filed administrative remedies. Petitioner requests the Court to compel prison officials to allow him to use the BOP administrative remedies process without threat of assault or to declare his claims have been exhausted. Petitioner also seeks the Court to order prison officials to provide him with writing

---

1. Petitioner attached to his Motion for Leave to proceed *in forma pauperis* (Doc. 2) a copy of his BOP inmate account dated March 25, 2013, indicating that his balance was $0.34 and that his average 6 month balance was $0.34. Thus, we will recommend that Petitioner's Motions for Leave to proceed *in forma pauperis* be granted for the purpose of filing this action.

2. Petitioner Brown named the correct Respondent since he is presently confined at USP-Canaan, and correct Respondent is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Venue of Petitioner's Habeas Petition is in this Court since Petitioner is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

3. Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**2**

utensils so that he can file documents with the Court. Petitioner states that he only has a gray crayon to write his documents.

We find that Petitioner Brown's habeas case seeking mandamus relief ordering prison staff to allow him to file administrative remedies without threat of physical assault and to provide him with writing utensils to file documents in court should be dismissed without prejudice since Petitioner must pursue his claims challenging the conditions of his confinement at USP-Canaan in a *Bivens* civil rights action pursuant to 28 U.S.C. § 1331.[4]

## II.     Discussion.

As mentioned, Petitioner states that he has filed this action as a Petition for Writ of Mandamus. The Court stated in *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 711(W.D. Pa. 2005):

> 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id*.

*Id*. at 712.

The standards for determining if a Writ of Mandamus should issue are:

> According to the Supreme Court, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will

---

[4].    *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). We find that Petitioner's claims properly fall within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
    We find that Petitioner's case is a *Bivens* actions under §1331 since he alleges federal officials violated his constitutional rights. *See Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894 (1978).

3

> issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995). Once the Petitioner has made such a showing, it is still within the discretion of this Court to determine whether to issue the writ. *See id.*

*Id.*

The Court in *Bartosek v. Com of Pa.*, 2005 WL 2250684, * 1 (W.D. Pa.), stated:

> Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged." ' *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). Petitioners must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable." ' *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." *Id.*

In *Murray v. Grondolsky*, 369 Fed. Appx. at 320, the Court stated that "mandamus relief is to be issued only in extraordinary circumstances, where the Petitioner demonstrates that he has no alternative means to achieve the relief sought, and that he has a clear and indisputable right to the writ." (Citation omitted).[5]

---

5. In *Drummond v. Martinez*, 2009 WL 3241851, *5, n. 8 (M.D. Pa. October 05, 2009), the Court noted:

> To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. *See Cheney v. U.S. Dist. Court for Dist. of Columbia,* 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) ("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.' ") (citing *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)).

In *Hill v. Lappin*, 2010 WL 3398989, *3 (M.D. Pa. 8-25-10), the Court stated:

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996) (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)). *See Ararat v. District Director, ICE,* 176 F.App'x. 343 (3d Cir.2006). Therefore:Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). *See also Stehney,* 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

*Stanley v. Hogsten* 277 F.App'x. 180, 181(3d Cir.2008).

As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus: The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power' " will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305(1967)); *see also In re Leeds,* 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C.Cir.2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C.Cir.2002)); *see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate,* 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " *Power v. Barnhart,* 292 F.3d at 784 (quoting *Northern States Power Co. v. U.S. Dep't of Energy,* 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Weber v. United States,* 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

*Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 103, 105 (D.D.C.2008).

"Under §1361, 'the test for jurisdiction is whether mandamus would be an appropriate means of relief.'" *Stark v. Holder*, 2011 WL 5593129, *7 (M.D. Pa. Nov. 17, 2011)(citations omitted).

In the present case, Petitioner seeks this Court to compel prison officials at USP-Canaan to allow him to file BOP administrative remedies without threat of physical assault and to provide him with writing utensils to file documents in court. We find that Petitioner is challenging the conditions of his condiment at USP-Canaan and that he has available a *Bivens* civil rights action as relief. As such, we find that mandamus is not the appropriate means of relief for Petitioner.

To the extent Petitioner Brown complains in his instant habeas petition about the conditions of his confinement in USP-Canaan, such as being subject to physical assault for trying to use the BOP administrative remedy process and the lack of a pen or pencil to access the court, as well as retaliation and brutality, these are not proper habeas claims and should be dismissed without prejudice to raise in a civil rights action in this Court after he fully exhaust all of his administrative remedies available at the prison.

The Third Circuit Court in *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (internal citations omitted), stated:

> Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally be to 'inquire into the legality of the detention . . .. Section 1983, in contrast, provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws**.**

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200, n. 16 (M.D.

Pa. 1992); *Mitchell v. Dodrill*, 696 F.Supp. 2d 454, 457, n. 1 (M.D. Pa. 2010)(citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). To state a claim under *Bivens*, Plaintiff must allege that he was deprived of a federal right by a person who was acting under color of federal law. *See Young v. Keohane*, 809 F.Supp. at 1199; *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

As analyzed under *Leamer*, all of Petitioner's constitutional claims relating to the conditions of his confinement in USP-Canaan should be dismissed without prejudice to raise in a *Bivens* civil rights action in this Court after he fully exhaust all of his administrative remedies available at the prison. *See Cohen v. Lappin*, 2010 WL 545874, *2 (W.D. Pa. Feb. 16, 2010)("Claims that do not directly implicate the fact or duration of an inmate's confinement may not be pursued by means of a habeas corpus petition.")(citations omitted). We will also recommend that Petitioner's claims in his habeas petition regarding the alleged assault on him for filing administrative remedies against prison staff, be dismissed without prejudice to file a civil rights Complaint in this Court against the prison officials who are personally involved with his Eighth Amendment conditions of confinement claim and his First Amendment access to courts claim.

Further, insofar as Petitioner claims that BOP staff at USP-Canaan acted in contravention of BOP policy by preventing him from using the administrative remedy process, the *Vieux* Court held that "BOP policy neither affords a property or liberty interest to [the inmate] nor confers any constitutional right to any inmate." *Vieux v. Smith*, 2007 WL 1650579, *3 (M.D. Pa.).

We also find that the Petitioner is requesting relief in the form of Court intervention and management while he is in prison, *i.e.,* to direct the BOP to provide him with a flex-pen or a pencil while he is confined in the SHU as opposed to a gray crayon. The Court will not generally interfere with prison administration matters such as the prison's decision to give Petitioner a crayon instead of a pen or pencil. The Court should give significant deference to

judgments of prison officials regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002); *Vieux*, 2007 WL 1650579, *4.

Additionally, Petitioner's own instant filing, which is legible, shows that Petitioner has access to this Court and that he can file a *Bivens* action in this Court. Thus, Petitioner has failed to show that he has no other remedy and that a mandamus is his only relief.

As the *Hill* Court stated:

> A writ of mandamus may only issue if the plaintiff has a clear right to relief and the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996). Therefore, inherent in a request for mandamus is "a showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy." *Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 103, 105 (D.D.C.2008).

2010 WL 3398989, *4.

Therefore, we find that Petitioner has not shown any extraordinary factors necessary for the issuance of a writ of mandamus and we will recommend that his Petition be dismissed without prejudice to raise his instant constitutional claims in a *Bivens* civil rights action. *See McCarthy v. Ebbert*, 2013 WL 1345512 (M.D. Pa. March 1, 2013) adopted by 2013 WL 1345021 (M.D. Pa. April 2, 2013).

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Brown's Petition for Writ of Habeas Corpus requesting the issuance of a Writ of Mandamus **(Doc. 1)** be dismissed without prejudice to raise his instant constitutional claims in a *Bivens* civil rights action. It is also recommended that Petitioner's Motion for Leave to Proceed *in forma pauperis* **(Doc. 2)** be granted solely for the purpose of filing this action. Further, it is recommended that this case be closed.

<u>s/ Thomas M. Blewitt</u>

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 16, 2013**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN L. BROWN, | : | CIVIL ACTION NO. **3:CV-13-0873** |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 16, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: April 16, 2013**