# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN L. BROWN, | : | No. 3:13cv873 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, Warden, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge Thomas M. Blewitt, which recommends dismissing Petitioner Brian L. Brown's case without prejudice to him raising his constitutional claims in a Bivens civil rights action. Petitioner has filed objections to the report and recommendation making this matter ripe for disposition.

**Background**

Petitioner Brian Brown is currently an inmate in the Special Housing Unit ("SHU") at the United States Penitentiary Canaan ("USP-Canaan"), Waymart, Pennsylvania. On April 8, 2013, he filed a *pro se* form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Although petitioner used a standardized section 2241 form, he indicates that instead of seeking relief under section 2241, he seeks a writ of mandamus compelling prison officials to allow him to file administrative remedies and to protect him from physical assault from the guards. Magistrate Judge Blewitt recommends that the petition be dismissed without prejudice to petitioner raising his constitutional claims in a Bivens civil rights action.

**Jurisdiction**

We have jurisdiction pursuant to 28 U.S.C. § 2241, which provides that "[w]rits of habeas corpus may be granted by the . . . district courts . . . ." See also 28 U.S.C. § 1331("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). To the extent that petitioner seeks a writ of mandamus, we have jurisdiction under 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The report and recommendation indicates that petitioner seeks a writ of mandamus. The magistrate judge reasoned as follows: A writ of mandamus is extraordinary relief that may only be granted when no alternative means for relief exist. Petitioner's underlying claim deals with the conditions of his confinement in a federal prison. Because petitioner complains of the conditions of his confinement he could seek relief in a

federal civil rights action. Because he can obtain relief in a federal civil rights action, a writ of mandamus is not needed. Accordingly, the magistrate judge suggests dismissal of the instant petition without prejudice to the petitioner filing a federal civil rights action. After a careful review, we agree with the Magistrate Judge.

Petitioner seeks a writ of mandamus. Such a writ is only available in "extraordinary circumstances." In re Baldwin, 700 F.3d 122, 126 (3d Cir. 2012). "To obtain mandamus relief, the petitioner must establish both that there is (1) no other adequate means to attain the relief sought, and (2) a right to the writ that is clear and indisputable." Id. at 127 (citations and internal quotation marks omitted). Even if these requirements are met, the issuance of the writ is still merely discretionary with the court. Id.

Here petitioner complains of his treatment at the prison. He asserts that prison officials have beat him four times for trying to assert his "administrative remedies." (Doc. 7, Pet.'s Obj. at 2). Petitioner's allegations against the prison officials would thus potentially give rise to a cruel and unusual punishment claim under the Eighth Amendment of the United States Constitution. Petitioner could assert such a claim in a "Bivens action."

"A 'Bivens action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)." Panton v. B.O.P., 281 Fed. App'x 113, 114 n.1 (3d Cir. 2008). The United States Supreme Court first recognized a private cause of action for damages

3

against federal officials for violation of the Fourth Amendment.  See Bivens, supra.  The implied right of action, however, has been expanded to include Eighth Amendment cruel and unusual punishment claims.  Carlson v. Green, 446 U.S. 14 (1980); Bistrain v. Levi, 696 F.3d 352, 366 (3d Cir. 2012).

    Thus, petitioner could seek relief through a Bivens action.  Because he has this means to attain relief, a writ of mandamus is not appropriate.  In re Baldwin, 700 F.3d at 126-27.   Accordingly, the petition will be denied without prejudice.  An appropriate order follows.[1]

---

[1]The original petition complains about the writing instruments that the prison provided to petitioner.  He claimed that he only had a gray crayon with which to prepare documents.  (Doc. 1, Pet. at 8).  This matter has evidently been resolved, however, as petitioner's objections were typewritten.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN L. BROWN, | : | No. 3:13cv873 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, Warden, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 20th day of May 2013, it is hereby **ORDERED** as follows:

1) The Magistrate Judge's report and recommendation (Doc. 6) is **ADOPTED**;

2) Petitioner's objections (Doc. 7) are **OVERRULED**;

3) The petition for a writ of mandamus (Doc. 1) is **DISMISSED** without prejudice;

4) Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** solely for the purpose of filing this action; and

5) The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**